UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR10-291 MJP |
| Plaintiff, | ORDER ON MOTION TO REDUCE SENTENCE, MOTION TO APPOINT COUNSEL |
| v. | |
| MANINDER SINGH, | |
| Defendant. | |

THIS MATTER comes before the Court on Defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582 and Defendant's motion to appoint counsel. (Dkt. Nos. 124, 127.) Having considered the parties' briefing and the related record, the Court hereby DENIES the motions.

**<u>Background</u>**

Defendant Maninder Singh was sentenced on May 11, 2011, following his convictions for Conspiracy to Distribute Controlled Substances and for Conspiracy to Bring In and Transport Aliens. (CR10-254MJP, Dkt. No. 210; CR10-291MJP, Dkt. No. 95.) This Court calculated his Total Offense Level as 36 for both offenses. Because Defendant's Criminal History Category

was I, the Guidelines range for the Conspiracy to Distribute Controlled Substances charge was 188 to 235 months and the Guidelines range for the Conspiracy to Bring In and Transport Aliens was a maximum of 120 months. This Court then varied downward from both ranges, imposing a sentence of 96 months in each case, to run concurrently with the sentence in the other case.

Defendant now moves the Court for reduction in sentence based on Amendment 788 to the Sentencing Guidelines which made Amendment 782 to USSG §2D1.1 retroactively applicable. (Dkt. No. 124.) The Government opposes the motion. (Dkt. No. 128.) Defendant also moves to have counsel appointed on this issue. (Dkt. No. 127.) The Federal Public Defender did not request that counsel be appointed or join Defendant's request. (See Dkt. No. 125.)

**Discussion**

Amendment 782 to the United States Sentencing Guidelines, which became effective November 1, 2014, lowered the penalties for most drug offenses by reducing most base offense levels contained in the USSG § 2D1.1 Drug Quantity table by two levels, and making other related adjustments to this Guideline. Along with Amendment 782, the Sentencing Commission adopted Amendment 788, which decreed that Amendment 782 may be applied retroactively to lower the sentences of previously sentenced inmates. At issue in the instant motion is whether this Court has authority to reduce Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2).

In order to qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2) two conditions must be met: (1) the defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered by a retroactively applicable Guidelines amendment; and (2) the sentence reduction sought must be consistent with the Sentencing Commission's applicable policy statements. United States v. Waters, 771 F.3d 679, 680 (9th Cir. 2014) (per

curiam). A district court does not have jurisdiction to reduce the defendant's sentence unless both criteria are met. See United States v. Wesson, 583 F.3d 728, 730 (9th Cir. 2009).

Under the retroactively effective amendments to USSG § 2D1.1, Defendant's Total Offense Level would now be 34. This in turn results in an amended Guidelines range of 151–188 months. Because the sentence already imposed (92 months) is below the low end of the range as calculated applying the amended Guidelines (151 months), the policy statement precludes any reduction in sentence. See United States v. Davis, 739 F.3d 1222, 1224 (9th Cir. 2014).

### Conclusion

Defendant is ineligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2) because the sentence already imposed is below the low end of the amended Guidelines range. Defendant's motion to have counsel appointed is DENIED because the assistance of counsel would not be helpful to Defendant; and Defendant's motion to reduce his sentence is also DENIED.

The clerk is ordered to provide copies of this order to Defendant and all counsel.

Dated this 6th day of August, 2015.

Marsha J. Pechman
Chief United States District Judge